812 F.2d 1406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony BOLES, Plaintiff-Appellant,
v.
Jerry SHERMAN, Defendant-Appellee.
 No. 86-1143.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1987.
 
 Before RYAN and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals pro se from the district court's grant of summary judgment to the defendant in this prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At the time he filed his complaint, the plaintiff was a prisoner at the Marquette Branch Prison in Marquette, Michigan. The defendant is a disciplinary hearing officer at the prison. The plaintiff's complaint and amended complaint allege that the defendant refused to give the plaintiff all of the documents concerning disciplinary charges against him at least twenty-four hours prior to the hearings on those charges. The plaintiff alleged that these failures violated his due process rights. He requested $375,000.00 in damages.
 
 
 3
 After the defendant moved for summary judgment, the district court held that the plaintiff's due process rights had not been violated and that the defendant was entitled to absolute immunity from suit. We affirm the district court's grant of summary judgment to the defendant.
 
 
 4
 Concerning the due process issue, the defendant has a right to notice of the charges at least twenty-four hours before a hearing, the right to present documentary evidence at the hearing, and the right to call witnesses if institutional security is not threatened. Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). In the present case, the plaintiff was given adequate notice of the charges. There is no constitutional right to receive the other prison documents that may exist concerning a charge twenty-four hours before the hearing.
 
 
 5
 The plaintiff argues that prison regulation R791.3315 gives him such a right. This argument is without merit because prison regulations governing purely procedural matters do not create constitutional rights. Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983). Cf. Beard v. Livesay, 798 F.2d 874, 878-79 (6th Cir.1986) (more than a procedural regulation involved). Any violation of this regulation would be a matter of state law, not federal constitutional law.
 
 
 6
 In any event, the regulation was not violated in this case. Subsection (3)(b) of the regulation only requires that the prisoner receive access to these other documents at the time of the hearing. The regulation itself does not give the plaintiff the right of access to these documents twenty-four hours before the hearing. So all of the plaintiff's arguments are without merit.
 
 
 7
 In view of the disposition of the due process issues in this case, this panel declines to address the issue of absolute immunity. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.